IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN BUTLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 1:22-CV-91 |
| | ) |
| **SERGEANT PIERSON, et al,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM ORDER**

**Procedural History**

This action was received by the Clerk of Court on March 14, 2022. The matter was assigned and referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

In his complaint, Plaintiff alleges that prison officials violated his First and Eighth Amendment rights by engaging in unlawful retaliation and subjecting him to cruel and unusual conditions of confinement. As Defendants, Plaintiff named Sergeant Heider, Sergeant Pierson, Sergeant Wade, Lieutenant Johnson, Officer Bly, Ryan Szelewski, and Zachary Moslak. Following a period of discovery, Defendants moved for summary judgment. ECF No. 59. Plaintiff opposed the motion. ECF No. 75-77.

On May 28, 2024, Judge Lanzillo issued a Report and Recommendation recommending that summary judgment be granted in favor of all Defendants and against Plaintiff on all claims. ECF No. 84. Plaintiff filed Objections thereto. ECF No. 90. Among Plaintiff's Objections was

the point that Defendant Pierson was not mentioned in the Report and Recommendation. *Id.* at pages 1-2. Thereafter, on August 20, 2024, Judge Lanzillo ordered that the May Report and Recommendation be stricken by the Clerk because it "inadvertently omitted Defendant Pierson from the final recommended disposition." ECF No. 95. The same day, Judge Lanzillo issued an Amended Report and Recommendation differing only slightly from the original, but analyzing the claims against Pierson. ECF No. 92.

Thereafter, Plaintiff filed a motion for clarification. ECF No. 94. After granting the motion, the undersigned conducted a telephonic hearing where she clarified the unique procedural aspects of the case, indicating that Plaintiff's Objections to the original Report and Recommendation would be considered, and Plaintiff was given the opportunity to present any Objections to the Amended Report and Recommendation verbally. ECF No. 96.

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) *quoting* 28 U.S.C. § 636(b)(1). Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part— the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72(D)(2).

**The Amended Report and Recommendation**

Judge Lanzillo began the Report and Recommendation by relating the factual record relevant to Plaintiff's legal claims. To summarize, Plaintiff contends that beginning in July 2020,

2

Defendant Sergeant Heider launched a retaliatory campaign against him following Butler's assistance to Inmate Coleman in filing a grievance six months earlier.

On July 28th, Heider yelled at Butler warning him that whenever Heider was working, Butler would not have access to "showers, phone calls, kiosk, work, nothing!" Butler then reported this exchange to Unit Manager Santos (a non-Defendant). Santos told Butler that he would have access to these things but not to request them when Heider was there. Even after the assurances from Santos, Butler was denied showers, phone calls, and kiosk on multiple occasions over the next four days. When Butler objected to these denials, Heider yelled at him saying he did not care who Butler told. Butler perceived this threat as being in response to Plaintiff reporting Heider's actions and comments to Santos.

On August 3, 2020, Defendant Pierson denied Plaintiff a shower and the following day Pierson told Butler to pack up his property for a move to another cell. When Butler questioned the move, Pearson approached Butler, verbally threatened him, and then filed a misconduct against Butler for refusing to obey the order.

On August 6, 2020, during the misconduct hearing, Defendant Szelewski recorded a plea of guilty despite Butler insisting he pled not guilty. Butler appealed the guilty finding and Defendant Moslak denied his appeal. Butler claims the actions of both these Defendants were part of the continued retaliation campaign and the cover-up to protect Defendant Heider.

While Butler was confined in RHU, Defendants Wade and Bly conducted an inventory of his possessions. Butler claims that during this inventory some of his property went missing and despite filing a grievance, he claims the property was never returned. Bly threatened Plaintiff that if he ever returned to RHU, Bly would "split his fucking head open!"

Butler believes all of these events collectively give rise to an inference from which retaliation can be inferred.

Judge Lanzillo analyzed Plaintiff's claims as: (1) retaliation claims based on Plaintiff's assistance to Inmate Coleman with the grievance against Heider; (2) retaliation claims based on Plaintiff's verbal complaint to Santos; and (3) Eighth Amendment conditions of confinement claims based on the denial of showers, phone, kiosk, etc.

**Plaintiff's Objections**

In both his written and verbal Objections, Plaintiff complains that Judge Lanzillo failed to analyze any claim regarding the loss, "theft," and "destruction" of his personal property. Plaintiff is mistaken in this regard. In a footnote, Judge Lanzillo addressed the loss of personal property, liberally construing it as a potential due process claim. *See* ECF No. 92, p. 4 n.3. Judge Lanzillo laid out the appropriate legal standard for such a claim and concluded that Plaintiff failed to state a claim under the law.

Although Plaintiff refers to the loss of his personal property as an Eighth Amendment claim, his characterization is erroneous. It is well settled that legal claims related to the loss or destruction of personal property arise under the Fourteenth Amendment rather than the Eighth Amendment's prohibition against cruel and unusual punishment. *See Rancourt Little Mountain Woodell v. Wetzel,* 2022 WL 17424287, at *3 (3d Cir. Dec. 6, 2022) (explaining that the loss of personal property in a prison setting does not implicate the First, Fourth, or Eighth Amendment); *Tolentino v. Weigle,* 2021 WL 11702482, at *2 (W.D. Pa. Sept. 30, 2021) ("The alleged destruction of legal and personal property does not constitute a deprivation of the sort within the protection of the Eighth Amendment.") (listing cases); *Parrish v. Corrections Emergency*

*Response Team*, 2019 WL 1596337, at *4 (E.D. Pa. Apr. 2019) ("The loss, theft, or destruction of Parrish's property does not equate to a sufficiently serious deprivation that would give rise to a claim under the Eighth Amendment.") (listing cases). *See also Miller v. Ferguson*, 2019 WL 4933404, at *2 (E.D. Pa. Oct. 4, 2019) ("[T]he destruction of a prisoner's personal property does not implicate the First Amendment merely because the destroyed property is allegedly the product of expression.") (listing cases).

The remainder of Plaintiff's Objections, both written and verbal, are a reiteration of his opposition to the summary judgment motion and do not merit further discussion here. *See Hill v. Barnacle*, 655 Fed. App'x 142, 148 (3d Cir. 2016) (a district court is not required to make any separate findings or conclusions when reviewing a recommendation *de novo* under 28 U.S.C. § 636.).

After *de novo* review of the complaint, briefs, and evidence in the case, together with the Amended Report and Recommendation, written Objections to the original Report and Recommendation, and verbal Objections to the Amended Report and Recommendation, the following order is entered:

AND NOW, this 23rd day of September 2024;

IT IS ORDERED that the motion for summary judgment [ECF No. 59] is granted.

IT IS FURTHER ORDERED that final judgment is entered in favor of Defendants and against Plaintiff pursuant to Fed.R.Civ.P. 58.

AND, IT IS FURTHER ORDERED that the Amended Report and Recommendation of Chief Magistrate Judge Lanzillo, issued on August 20, 2024 [ECF No. 92] is adopted as the opinion of the court.

The Clerk is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge